RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Y - 3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 5-26-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 MAY 26  P 1:39
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CITY OF QUINCY,<br><br>Plaintiff<br><br>v.<br><br>SOTIRIS EMMANUEL<br>  a/k/a SOTIRIOS EMMANOUIL,<br>MHI SHIPBUILDING, LLC and<br>MASSACHUSETTS HEAVY<br>  INDUSTRIES, INC.<br><br>Defendants | Civil Action No.:<br><br>04 CV 11111 RCL<br><br>MAGISTRATE JUDGE Bowler |

## COMPLAINT

This is an action to recover damages caused by the Defendants' tortious conduct and breach of a loan agreement in which Plaintiff, City of Quincy, lent $7.8 million of public funds to Defendants and which Defendants have failed to repay.

### PARTIES

1. City of Quincy (the "City") is a municipal corporation with a principal place of business at 1305 Hancock Street, Quincy, Massachusetts.

2. Defendant Sotiris Emmanuel is a citizen of Greece with a last known address of 130 Goddard Avenue, Brookline, Massachusetts.

3. Defendant Massachusetts Heavy Industries, LLC ("MHI") is a Massachusetts corporation with a last known address of 115 East Howard Street, Quincy, Massachusetts.

4. Defendant MHI Shipbuilding, LLC ("MHI Shipbuilding") is a Delaware corporation with a last known address of 115 East Howard Street, Quincy, Massachusetts.

## JURISDICTION

5. This court has jurisdiction over this action pursuant to 28 U.S.C. §1332. Defendants have consented to the jurisdiction of the courts of U.S. District Court of Massachusetts and have consented to Service of Process by mail at 115 E. Howard Street, Quincy, Massachusetts with respect to this claim.

## FACTS

6. On or about December 17, 1997, the City and MHI Shipbuilding and MHI ("collectively, the "Defendant Corporations") entered into an agreement under which the City lent $7.8 million dollars (the "City Loan") to Defendants for the purpose of renovating, modernizing and operating the Fore River Shipyard (the "Shipyard") in Quincy, Massachusetts. The City Loan and the Defendant Corporations' obligation to repay the loan were effected, inter alia, through a Loan Agreement, a Note, and a Guaranty (collectively, the "Financing Documents").

7. The City borrowed the funds to make the City Loan from the U.S. Department of Housing and Urban Development under that agency's Section 108 Program. In the event of a default by MHI Shipbuilding or MHI, the HUD loan was to be repaid through deductions from the City's annual allocation under the Community Development Block Grant ("CDBG") program.

8. In inducing the City to enter into the City Loan, Emmanuel assured the City that the Defendant Corporations had sufficient financial resources, including contractual commitments from customers for new ships, to complete the Shipyard renovations and operate the Shipyard in a manner that would generate enough income to repay the City Loan. Emmanuel told the City that MHI had executed contracts to construct tankers and letters of intent from several other global ship owners. In reliance upon those assurances, the City executed the Financing Documents and lent $7.8 million dollars to the Defendants.

9. Under the Loan Agreement, MHI Shipbuilding was the Borrower and both the Borrower and MHI were Obligors. Defendant Emmanuel executed the Financing Documents as the President of both MHI Shipbuilding and MHI.

10. In addition to acting as the Borrower and Obligor under the City Loan, the Defendant Corporations agreed to indemnify the City from any claims and losses arising, inter alia, from the Defendant Corporations' failure to comply with their obligations under the Financing Documents.

11. Simultaneously with the Loan Agreement, MHI Shipbuilding also executed a Note issued to the City. The Note called for repayment of the City Loan in

increasing principal amounts, beginning in 2000. The Note also provided for the payment of interest at a rate to be established through the Federal Housing and Urban Development Section 108 Program.

12. Simultaneously with the Loan Agreement and the Note, MHI executed a guaranty (the "Guaranty"). Under the Guaranty, MHI agreed to perform all of MHI Shipbuilding's obligations under the Loan Agreement in the event of a default by MHI Shipbuilding. Emmanuel executed both the Note and the Guaranty.

13. In addition to the $7.8 million that he obtained from the City, Emmanuel also induced the City to enter into a Special Tax Agreement ("STA") under which the City agreed to forego the annual real estate and property taxes that would have otherwise been due to the City for a period of five years. The City entered into the STA with MHI based upon Emmanuel's promise of bringing up to 2,000 new jobs to the Shipyard and his representations of executed contracts and letters of intent for ship construction. In total, the City lost approximately $6.0 million in tax payments from 1997 to 2002, when the City rescinded the STA.

14. In addition to the STA and Financing Documents with the City, Defendants borrowed significant sums from other public entities that were to be spent on revitalizing the Shipyard. In total, Emmanuel borrowed more than $50 million dollars.

15. Around the same time as Emmanuel, through MHI Shipbuilding and MHI, borrowed $7.8 million from the City, Emmanuel established seven different corporations, each with a business address at 115 East Howard Street in Quincy, Massachusetts. These corporations included (1) MHI, (2) MHI Shipbuilding, (3) MHI Shipyard Operators and Consultants, LLC, (4) Heben Holdings Co. Limited, LLC, (5) Marine Industrial Services, LLC, (6) MHI Management, LLC and (7) Shipyard Holdings, LLC. Defendant Emmanuel was the manager, real property signatory, president, officer or director for each of these corporations.

16. Upon information and belief, none of these corporations were true corporations but were instead the alter ego of Emmanuel. Upon information and belief, Emmanuel failed to sufficiently capitalize these corporations, to observe corporate formalities, to maintain sufficient reserves to pay the corporations' debts, to make and preserve corporate records, and otherwise take the steps necessary to preserve the Defendant Corporations as separate from himself.

17. Upon information and belief, Emmanuel also siphoned away corporate assets for his personal gain. As an example of Emmanuel's failure to observe the proper separation between his personal and his corporate affairs, upon information and belief, Emmanuel, through Marine Industrial Services, LLC, borrowed $1.8 million from Fleet Bank to purchase his residence located at 130 Goddard Avenue in Brookline, Massachusetts. Emmanuel's name individually was on the deed to the residence, but Marine Industrial Services, LLC was obligated to repay the

Fleet Mortgage. Upon information and belief, the residence was sold in September, 2002 for a profit of approximately $500,000, none of which was used to repay the City Loan.

18. Emmanuel and the Defendant Corporations did not complete the renovation of the Shipyard and never engaged in any shipbuilding at the Shipyard. Upon information and belief, Emmanuel and the Defendant Corporations never had the contractual commitments or other financial resources to make the Shipyard renovation project a success. The Defendants' representations to the contrary that were made to the City were false and misleading.

19. In 2000, Defendants MHI Shipbuilding and MHI filed for protection from creditors in the Federal Bankruptcy Court in Boston, Massachusetts. The bankruptcy petitions were dismissed on or about March 20, 2002.

20. None of the Defendants has ever made any payments due to the City under the Financing Documents. The City put the Defendants on notice of default as required under the Financing Documents on or about March 9, 2000. Since 2000, the City's annual share of CDBG funds has been reduced by approximately $750,000 to repay the loan from HUD.

21. Upon information and belief, after the collapse of the Shipyard project, Emmanuel fled the United States.

## COUNT I

### Breach of Contract
### (v. Emmanuel, MHI Shipbuilding and MHI)

22. Plaintiff reavers and realleges each allegation contained in Paragraphs 1 through 21 inclusive of this Complaint as if fully set forth herein.

23. The Defendants, by failing to make any of the principal or interest payments due under the Financing Documents and by seeking protection under the bankruptcy laws of the United States, have defaulted under the Financing Documents.

24. Defendant Emmanuel, through his disregard of the corporate laws, is personally liable for the debts of MHI Shipbuilding and MHI under the Financing Documents.

25. Pursuant to the Financing Documents, the City is entitled to the full payment, with interest, penalties, fees and costs, of its $7.8 million loan.

## COUNT II
### Misrepresentation
### (v. Emmanuel, MHI Shipbuilding and MHI)

26. Plaintiff reavers and realleges each allegation contained in Paragraphs 1 through 25 inclusive of this Complaint as if fully set forth herein.

27. Defendants misrepresented the financial condition of the Shipyard renovation project, the financial resources of the Defendants and the commitments they had from customers of the Shipyard at the time that the City agreed to enter into the City Loan.

28. The City relied upon those misrepresentations in agreeing to execute the City Loan and the STA.

29. As a result of the Defendants' misrepresentations, the City is owed $7.8 million, plus interest, penalties, fees and costs.

## COUNT III
### Breach of the Covenant of Good Faith and Fair Dealing
### (v. Emmanuel, MHI Shipbuilding and MHI)

30. Plaintiff reavers and realleges each allegation contained in Paragraphs 1 through 29 inclusive of this Complaint as if fully set forth herein.

31. By misrepresenting the financial condition of the Shipyard renovation project, the financial resources of the Defendants and the commitments they had from customers of the Shipyard, the Defendants breached the covenant of good faith and fair dealing implied in the Financing Documents.

32. Defendant Emmanuel, through his disregard of the corporate laws, is personally liable for breach of the covenant of good faith and fair dealing the debts of MHI Shipbuilding and MHI under the Financing Documents.

33. As a result of the Defendants' breach of the covenant of good faith and fair dealing, the City is owed $7.8 million, plus interest, penalties, fees and costs.

WHEREFORE, the City prays that this Court:

a. enter a Preliminary Order freezing all assets of any of the Defendants located within the United States including Emmanuel's shares of Universal Guardian Corporation;

b. enter Judgment Against the Defendants and in favor of the City on all counts of the Complaint;

c. enter a Permanent Order awarding to the City any assets of any of the Defendants in an amount which compensates the City for its losses, including interest, fees, penalties and costs;

d. declare Defendant Emmanuel personally and individually liable for the obligations of MHI Shipbuilding and MHI; and

e. award the City all other just and proper relief, including attorneys' fees.

## JURY DEMAND

The City hereby demands a trial by jury on all claims so triable.

THE CITY OF QUINCY

By its attorneys,

5/26/2004

Monica E. Conyngham (BBO 556700)
Christine M. Griffin (BBO 651401)
Office of the City Solicitor
1305 Hancock Street
Quincy, Massachusetts 02169
(617) 376-1510

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CITY OF QUINCY

**DEFENDANTS** SOTIRIS EMANUEL a/k/a SOTIRIOS EMMANOUIL, MHI SHIPBUILDING, LLC and MASSACHUSETTS HEAVY INDUSTRIES, INC.

(b) County of Residence of First Listed Plaintiff   **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Monica E. Conyngham, City Solicitor
City of Quincy, 1305 Hancock Street
Quincy, MA 02169    617-376-1516

Attorneys (If Known)

04 CV 11111 RCL

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury—Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [X] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 740 Railway Labor Act | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| | | [ ] 555 Prison Condition | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes / [ ] 890 Other Statutory Actions |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC Section 1332. Recovery under contract and for fraud in connection with loan of $7.8 million.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 7.8 million plus interests, costs and fees.
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  5/26/04

SIGNATURE OF ATTORNEY OF RECORD  *Monica E. Conyngham*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) City of Quincy, vs. Sotirios Emmanuel a/k/a Sotirios Emmanouil, MHI Shipbuilding, LLC and Massachusetts Heavy Industries, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
          *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   04cv11111 RCL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Monica E. Conyngham, City Solicitor
ADDRESS  City of Quincy, 1305 Hancock Street, Quincy, MA 02169
TELEPHONE NO.  617-376-1516

(Coversheetlocal.wpd - 10/17/02)